Bryant Fischler, J.
Defendants by way of notice of motion seek an order striking the note of issue filed by plaintiffs on the ground that there has been no physical examination of plaintiff.
The summons and complaint in this action was served upon defendants on December 12, 1964 to recover damages for personal injuries sustained as a result of an automobile accident which occurred on September 11, 1964. Issue was joined by service of the defendants’ answer and demand for a bill of particulars on December 21, 1964. A note of issue was filed in this court on February 26, 1965 for trial by a court and jury to be held on April 20, 1965.
Plaintiff contends that an examination of his entire records filed and communications either with defendant attorneys or their representatives does not indicate that at any time was a request made by defendants for a physical examination of the infant plaintiff. Plaintiff further contends that this is a matter in the City Court of the City of Newburgh, and that defendants seek to practice under the special rules set down for the trial of personal injury actions in the Supreme Court of the State of New York.
*867 Defendants by way of affidavit state plaintiff failed to submit to a physical examination although requested many times.
Plaintiffs’ contention that defendants seek to practice under the special rules set down for the trial of personal injury actions in the Supreme Court is without merit. Under section 41 of the Rules of the City Court Act of the City of Newburgh cited as chapter 569 of the Laws of 1948, it states: ‘ ‘ The court may adopt, amend and rescind rules not inconsistent with this act, the civil practice act or the rules of civil practice. Such rules shall become effective upon being approved by the justices of the appellate division for the department in which the court is located. The rules shall be entered upon the minutes of the city court and shall be published as the chief judge may direct.”
An examination of the minutes of the City Court does not reflect the procedure to be followed in personal injury actions with regard to a note of issue. Subdivision f of section 28 of the City Court Act merely states: “ The note of issue shall be served not more than nine nor less than six days before the date set therein for trial and shall be filed with the clerk at least three days before such date.” However, this must be read in conjunction with the Appellate Division Rules of the Second Judicial Department effective September 1,1963 wherein Part Four, heading states: “ Regulating, in actions in any court in this judicial department, physical examinations and exchange of medical information.” (Italics supplied.) Rule I, examination ; notice states: “At any time after joinder of issue and service of a bill of particulars the party to be examined or any other party may serve on all other parties a notice fixing the time and place of examination.”
Rule VT. Necessity for compliance with this part states: “No cause otherwise eligible to be noticed for trial may be noticed unless there has been compliance with this Part, or an order dispensing with compliance ’ ’.
This court is of the opinion that the Appellate Division, Second Department, has set forth the procedure to be followed in personal injury action in all courts within the Second Department and, as such, the City Court of the City of Newburgh, in the absence of any rules to the contrary, having been approved by the Appellate Division is bound by the present rules.
As to the second issue to be determined, whether or not there was a request for a physical examination of plaintiff, this court is unable to determine whether or not such request was made or not made. Defendants’ affidavit states: “ plaintiff failed to submit to a physical examination although requested many *868 times.” Defendants’ affidavit does not set forth any additional evidence to substantiate the .request for such examination. Plaintiff’s affidavit denies any request was made. The court feels it cannot rule on whether or not such request was in fact made. The court is interested in seeing that all cases come to trial as soon as possible and therefore the important issue is to have the physical examination and proceed to trial.
The motion to strike the note of issue on the ground that there has been no physical examination is denied on the condition that plaintiff .submit to an examination of infant plaintiff within 20 days or defendants’ motion granted.